IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO. 8:18cv1633T35cpT

James Wheatley,

    Plaintiff,

v.

Capio Partners, LLC a/k/a Capio Asset
Servicing, LLC d/b/a Capio the Patient
Financial Wellness Company,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, James Wheatley ("Mr. Wheatley"), files this Complaint against Defendant, Capio Partners, LLC a/k/a Capio Asset Servicing, LLC d/b/a Capio the Patient Financial Wellness Company ("Defendant"), in support thereof, states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. Additionally, the Florida legislature passed the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55, *et seq.* to further protect consumers and to eliminate abusive and harassing tactics in the collection of debts.

3. This Complaint alleges violations of the the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*; and negligence

4. Plaintiff James Wheatley ("Plaintiff"), by Plaintiff's attorney, brings this action to challenge the conduct of Defendant, Capio Partners, LLC a/k/a Capio Asset Servicing, LLC d/b/a Capio the Patient Financial Wellness Company ("Defendant"), with regard to attempts by Defendant to unconscionably and abusively collect debts allegedly owed by Plaintiff in violation of the FDCPA and FCCPA also making Defendant liable for negligence.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692, *et seq.*, and 28 U.S.C. § 1367 for supplemental state law claims.

9. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

10. Because Defendant conducts business within the State of Florida, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district.

## PARTIES

12. Plaintiff is natural person who resides in the City of Brandon, County of Hillsborough, State of Florida, from whom Defendants sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, "debtor" as that term is defined by Fla. Stat. § 559.55(8).

13. Defendant has its principal place of business in the City of Sherman, in the State of Texas.

14. Defendant may be served with process by delivery of summons and complaint at C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

15. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6); and, Fla. Stat. § 559.55(7).

17. Plaintiff does not know the identities of the creditors who own the promissory notes that Defendant has been retained to service and collect. Upon

information and belief, Plaintiff alleges that each such creditor has expressly retained Defendant to act as their agent and have ratified Defendant's actions, including the violations of law described herein, by, among other things, knowingly accepting the benefits obtained by Defendant's actions. Plaintiff seeks discovery to identify these creditors and will seek to amend this Complaint to include those creditors as parties.

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of Florida.
19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Florida.
20. Some point before November 2017, Plaintiff allegedly incurred financial obligations to the original creditor that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. 1692a(5); and, Fla. Stat. § 559.55(6).
21. At some point unknown to Plaintiff, the debt was transferred to Defendant for collection.
22. At all times relevant, Plaintiff disputes the validity of said debt.
23. Defendant started making calls from telephone number (813) 964-3135 to Plaintiff's cellular telephone ending in "0426" in order to collect on the alleged debt.
24. During said calls, Plaintiff informed Defendant that Plaintiff's hospital bills are to be paid by Plaintiff's insurance company and not Plaintiff.
25. Plaintiff has a plethora of health issues and is in regular contact with Plaintiff's insurance provider and attempted to provide a thorough and insightful explanation as to the payment process for Plaintiff's alleged medical debts.

26. During said calls, Defendant aggressively and in a harassing manner informed Plaintiff that Defendant did not care about the process and continued to attempt to collect on the alleged debt in the full amount.

27. Defendant's conduct towards Plaintiff was embarrassing and caused unnecessary stress, anxiety, and hardship.

28. Plaintiff does not contest nor has Plaintiff contested at any time that certain co-payments are due and owing.

29. The attempts to collect on the full amount of the alleged debt was unfair, harassing, and misleading.

30. The harassing nature of the phone calls even culminated in an interaction wherein Plaintiff asked Defendant, "Why are you harassing me?" to which Defendant responded that Defendant would "continue to harass [Plaintiff] to collect this bill."

31. All calls Defendant made were for the purpose of collecting the alleged debt.

32. These calls constitute a "communication" as that term is defined by Fla. Stat. 559.55(2).

33. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any alleged debt.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any alleged debt.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any interest, fee, charge or expense incidental to the principal obligation which is not expressly authorized by the agreement creating the debt or permitted by law.

39. Through this conduct, Defendant violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor.

40. Through this conduct, Defendant violated Fla. Stat. § 559.72(8) by using willfully abusive language in communicating to Plaintiff.

41. Through this conduct, Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate.

42. Through this conduct, Defendant violated Fla. Stat. § 559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by Plaintiff.

43. Through this conduct, Defendant breached Defendant's duty to conduct its debt collection practices in a manner that complies with the pertinent state and federal debt collection statutes.

44. Defendant breached that duty by calling Plaintiff and attempting to collect on an invalid debt in a manner that is harassing, embarrassing, and illegal as described herein.

45. As a direct result of Defendant's conduct Plaintiff was harmed and suffered unnecessary severe emotional distress, anxiety, and hardship.

46. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff's harm and injury as discussed herein.

47. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is each entitled to recover punitive damages from Defendant in addition to his special, compensatory, and general damages.

## CAUSES OF ACTION
## COUNT I
## FEDERAL DEBT COLLECTIONS PRACTICES ACT (FDCPA)
## § 15 U.S.C. 1692 *ET SEQ*.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA)
## § 559.72 ET SEQ.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FCCPA.

53. As a result of each and every violation of the FCCPA, Plaintiff is entitled to any actual damages and statutory damages for the intentional violations in an amount up to $1,000.00, and reasonable attorneys' fees and costs from each Defendant pursuant to Fla. Stat. § 559.77(2).

## COUNT III
## NEGLIGENCE

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendant had a duty to not harass Plaintiff during the course of Defendant's debt collection attempts.

56. Defendant breached that duty by calling Plaintiff and attempting to collect on an invalid debt in a manner that is harassing, embarrassing, and illegal.

57. Plaintiff was harmed and suffered injury as described above.

58. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff's harm and injury described above.

59. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is each entitled to recover punitive damages from Defendant in addition to his special, compensatory, and general damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Fla. Stat. § 559.77(2) against each Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;
- An award of statutory damages of $1,000.00, pursuant to Fla. Stat. § 559.77(2), against each Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Fla. Stat. § 559.77(2), against each Defendant;
- Actual, special general, compensatory, and punitive damages pursuant to Plaintiff's Third Cause of Action; and,
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury, including on the issue of the amount of statutory damages.

Dated: July 3, 2018

Respectfully submitted,

By: /s/Ramona Ladwig
Ramona Ladwig, Esq.
Florida Bar No. 0048212
1910 Pacific Ave, Ste. 14155
Dallas, TX 75201
Phone: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com
*Attorney for Plaintiff*